IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JANIS WHITTEN, Individually and as Co-Administrator of the Estate of Kristin Vanderford Matthews, deceased, and on behalf of the wrongful death beneficiaries of Kristin Vanderford Matthews; SCOTT PEATROSS, Co-Administrator of the Estate of Kristin Vanderford Matthews, deceased, and on behalf of the wrongful death beneficiaries of Kristin Vanderford Matthews; and KEVIN S. GREEN, Individually, <br><br>          Plaintiffs, <br><br> v. <br><br> MICHELIN AMERICAS RESEARCH & DEVELOPMENT CORPORATION, et al., <br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     No. 05-2761 MI/V |

_____

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**
_____

This case is before the Court on Plaintiffs' Motion to Remand, filed November 9, 2005. Defendants responded in opposition on November 23, 2005 and November 28, 2005.[1] For the

---

[1] Defendants filed three separate responses: one by Defendants Michelin North America and Michelin Americas Research & Development Corporation; the second by Defendants Isuzu Motors America, Inc., Subaru of Indiana Automotive, Inc., and Isuzu Motors Limited; and the third by James R. Holland d/b/a Jim's Used Cars.

following reasons, Plaintiffs' motion is DENIED.

**I.  Background**

This case arises out of a single-vehicle accident rollover that took place on September 6, 2004.  According to Plaintiffs, on that date, Decedent Kristin Vanderford Matthews ("Matthews") and a passenger, Plaintiff Kevin S. Green ("Green"), were driving in Matthews' 1995 Isuzu Rodeo.  Plaintiffs contend that Matthews lost control of the vehicle when the right, rear B.F. Goodrich tire detreaded, which caused the rollover.  As a result of the accident, Matthews was killed and Green was severely injured.

Plaintiffs brought the instant product liability action in the Circuit Court of Shelby County, Tennessee, alleging that Defendants are liable under theories of strict liability, negligence, and gross negligence/wantonness.  Plaintiffs allege that the car and the tire were defectively designed and manufactured and that Defendants failed to warn of the defects or to recall the defective items.

Plaintiffs are Tennessee residents.  The complaint named Michelin Americas Research & Development Corporation ("MARC"), Michelin North America, Inc. ("MNA")[2], Isuzu Motors America, Inc.

---

[2] The Complaint also identified Michelin Tire Company ("MTC") and The Uniroyal Goodrich Tire Company ("Uniroyal") as defendants.  In its answer, MNA states that it was incorrectly identified as MTC and Uniroyal and that they are not proper parties to the suit.  (Notice of Filing of Answer of Def. MNA Ex. A at 3.)  Accordingly, the Court does not consider MTC and Uniroyal in its removal analysis.  The Complaint also named John

("Isuzu"), Subaru of Indiana Automotive, Inc. ("Subaru"), and Isuzu Motors, Ltd. ("Isuzu Japan") as out-of-state defendants. The complaint also named James R. Holland d/b/a Jim's Used Cars ("Holland"), stating that he was an adult resident and citizen of Memphis, Shelby County, Tennessee.

Holland filed a Notice of Removal on October 12, 2005, stating that he is a citizen of Mississippi and has been so from the commencement of this action.  Therefore, because all other Defendants are foreign corporations, Holland contends that complete diversity exists and that this Court has jurisdiction under 28 U.S.C. § 1332.

In response, Plaintiffs filed the instant motion to remand pursuant to 28 U.S.C. § 1447(c).  In support, Plaintiffs maintain that removal was procedurally defective because all Defendants did not consent to removal within the thirty days provided under 28 U.S.C. § 1446.  Plaintiffs also assert that Defendants waived their right to removal by seeking an adjudication on the merits in state court.

**II. Analysis**

**A. Standard**

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

Does A-S.

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), federal courts have jurisdiction over disputes between diverse parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In order to remove based on diversity jurisdiction, complete diversity must exist at the time of removal. Coyne v. Am. Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999). To establish complete diversity, "all parties on one side of the litigation [must be] of a different citizenship from all parties on the other side of the litigation." SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989); accord Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267. In opposing a motion to remand, the defendant desiring to remove bears the burden of proving that diversity jurisdiction exists. Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993).

**B.  Timeliness of Consent to Removal**

There is no dispute that complete diversity exists in the instant matter or that more than $75,000 is at issue. However, Plaintiffs dispute that Defendants have complied with the procedural requirements for removal. Under 28 U.S.C. § 1446(b), Defendants normally have thirty days to file a notice of removal from the date they receive the initial complaint or summons. Id. In addition, section 1446(b) provides:

> If the case stated by the initial pleading is not
> removable, a notice of removal may be filed within
> thirty days after receipt by the defendant, through
> service or otherwise, of a copy of an amended
> pleading, motion, order or other paper from which
> it may first be ascertained that the case is one
> which is or has become removable . . . .

Id. The Sixth Circuit construes section 1446(b)'s thirty-day period as "running from the date that a defendant has solid and unambiguous information that the case is removable . . . ." Holston v. Carolina Freight Carriers Corp., 936 F.2d 573, at *3 (6th Cir. June 26, 1991)(Table).

"[I]ndividual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." McKinney v. Bd. of Trustees of Mayland Cmty. Coll., 955 F.2d 924, 928 (4th Cir. 1992), cited with approval in Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999)(holding that each defendant has 30-day period of removal, commencing on date of his service).  In addition, the rule of unanimity requires that all defendants join in the removal petition or file their consent to removal within the thirty-day period.  Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516 (6th Cir. 2003).

In this case, Defendants have properly complied with the requirements for removal.  Plaintiffs' initial state court complaint, filed September 1, 2005, was not removable on its face because it alleged that Holland was a citizen and resident of

Tennessee.  Holland was served with the complaint on September 13, 2005, and filed his notice of removal on October 12, 2005, within thirty days of being served.  The other Defendants were not aware of a basis for federal jurisdiction until Holland's Mississippi citizenship was disclosed in the notice of removal.  See Praisler v. Ryder Integrated Logistics, Inc., 417 F. Supp. 2d 917, 921 (N.D. Ohio 2006)(noting that unrelated defendants normally should not be charged with knowledge of co-defendants' citizenship).  Once they received the notice and ascertained that the case was removable, each defendant had thirty days within which to file its consent to removal.  See 28 U.S.C. § 1446(b).[3]

    Holland filed his notice of removal on October 12, 2005.  Defendants MARC, MNA, Isuzu, and Subaru consented to removal on October 24 and 26, 2005, well within the thirty-day period after they received notice that the case was removable.  Defendant Isuzu Japan did not receive Holland's notice of removal until November 6, 2005.  Isuzu Japan filed its consent to removal on November 23, 2005, less than thirty days after its receipt of the notice of removal.  Accordingly, each Defendant filed a timely consent to removal.

---

    [3] The notice of removal clearly falls within the category of "other paper" under section 1446(b).  Praisler, 417 F. Supp. 2d at 921 (finding that removal petition "was itself a 'pleading, motion, order or other paper' that started the removal clock").

**C. Waiver of Right to Removal**

Plaintiffs contend that even if Defendants properly complied with the procedure for removal, Defendants waived their rights to remove when they filed answers and motions to dismiss in state court.  Specifically, Plaintiffs point to Holland's Motion and Answer, filed in state court on October 11, 2005, and Subaru and Isuzu's answers, filed October 10, 2005, in which they moved the state court to dismiss the complaint.  Plaintiffs' argument is without merit.

"Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal." <u>Regis Assoc. v. Rank Hotels (Mgmt.) Ltd.</u>, 894 F.2d 193, 195 (6th Cir. 1990)(citations omitted).  As one court has noted, "a defendant may waive the right to remove an action to federal court by taking actions in state court, <u>after it is apparent that the case is removable</u>, that manifest the defendant's intent to have the cased adjudicated in state court and abandon the right to a federal forum."  <u>Queen v. Dobson Power Line Const. Co.</u>, 414 F. Supp. 2d 676, 678 (E.D. Ky. 2006).  In this case, Subaru and Isuzu filed their answers, which included references to dismissing the case, two days <u>before</u> Holland filed his notice of removal.  At that time, they had no notice that the case was or might become removable, and accordingly, could not waive their right to removal.

Holland filed his Motion and Answer the day before he filed the notice of removal.[4]  At that time, he certainly knew of his own citizenship and that the case was removable.  However, this Court has stated that the defendant's intent is the critical factor in determining whether he has waived the right to remove. Bolivar Sand Co., Inc. v. Allied Equip., Inc., 631 F. Supp. 171, 173 (W.D. Tenn. 1986).  "If the motion is made only to preserve the status quo ante and not to dispose of the matter on its merits, it is clear that no waiver has occurred."  Id.  In addition, the Court noted that the "mere filing" of a defensive motion in state court "is insufficient for waiver."  Id. (citing Bedell v. H.R.C. Ltd., 522 F. Supp. 732, 738 (E.D. Ky. 1981))(internal quotation marks omitted).  The Court explained that "[t]here must be further action on the part of the defendant resulting in a decision on the merits of the defense to waive the right to remove."  Id.  The Court finds that Holland did not intend to waive his right to removal, but simply sought to maintain the status quo by filing his answer.  Indeed, he filed his notice of removal the day after filing his answer.  Nor did Holland seek any decision on the merits in state court of his motion to dismiss.  In light of these circumstances, the Court finds that Holland did not waive his right to removal.

---

[4] The Court notes that Holland's "Motion" consists of simply two paragraphs in his answer.

## III. Conclusion

For the reasons stated above, Plaintiffs' Motion to Remand is DENIED.

So ORDERED this 8th day of June, 2006.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
